# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FLORENCIO PEREZ MARTINEZ,<br><br>　　　　　　　　　　Petitioner,<br><br>　v.<br><br>KRISTI NOEM, Secretary, U.S. Department of Homeland Security; TODD LYONS, Acting Director, U.S. Immigration and Customs Enforcement; PATRICK DIVVER, Field Officer Director, San Diego Field Office, U.S. Immigration and Customs Enforcement; CHRISTOPHER LAROSE, Senior Warden, Otay Mesa Detention Center; SIRCE OWEN, Acting Director of the Executive Office for Immigration Review (EOIR), U.S. Department of Justice; and PAM BONDI, Attorney General, U.S. Department of Justice,<br><br>　　　　　　　　　　Respondents. | Case No.:  25cv3492 DMS AHG<br><br>**ORDER GRANTING PETITION** |

   This case comes before the Court on Petitioner's Petition for Writ of Habeas Corpus ("Petition"). (ECF No. 1). Respondents filed a Return to the Petition, (ECF No. 5), and Petitioner filed a Traverse.

Petitioner is a Mexican national who has lived in the United States since 1997. (Pet. ¶ 1.) He is legally married to a United States citizen and has an 11-year old stepdaughter who is also a United States citizen. (Id. ¶ 31.)

On November 18, 2025, Petitioner presented to ICE's San Diego Field Office for a regular check-in appointment, where he was arrested. (Id. ¶ 33.) Petitioner was subsequently transferred to the Otay Mesa Detention Center, where he is currently detained, with removal proceedings pending before the Otay Mesa Immigration Court. (Id. ¶ 34.)

After being detained, Petitioner's counsel filed a request for custody redetermination with the Immigration Court. The Court denied that request on December 5, 2025, finding Petitioner was subject to mandatory detention pursuant to *Matter of Yajure-Hurtado*, 29 I & N Dec. 216 (BIA 2025).[1] (Id. ¶ 39.)

Petitioner filed the present case four days later, on December 9, 2025. In the Petition he alleges he is being detained in violation of the Immigration and Nationality Act, and Respondents' invocation of 8 U.S.C. § 1225 to support his detention violates his Fifth Amendment liberty interests. Respondents assert the Court lacks jurisdiction over these claims, Petitioner has failed to exhaust his administrative remedies, and Petitioner is properly detained under 8 U.S.C. § 1225(b)(2)(A).

This Court has rejected Respondent's jurisdiction argument in several previous cases. *See*, *e.g.*, *Arellano v. LaRose*, No. 3:25-cv-03316-DMS-AHG, ECF No. 6; *Fanfan v. Noem*, No. 25cv3291 DMS (BJW), ECF No. 13, *Medina-Ortiz v. Noem*, No. 25-cv-2819-DMS-MMP, ECF No. 7; *Vasquez Garcia v. Noem*, No. 25-cv-02180-DMS-MMP, 2025 WL 2549431, at *3–4 (S.D. Cal. Sept. 3, 2025). The undersigned has also joined other

---

[1] In *Yajure-Hurtado*, the Board of Immigration Appeals reasoned that any individual who entered the United States without admission is an "applicant for admission" (meaning, an "alien present in the United States who has not been admitted or who arrives in the United States (whether or not at a designated port of arrival . . .)"), and must, therefore, be detained during removal proceedings pursuant to 8 U.S.C. § 1225(b)(2).

district judges in the Ninth Circuit in rejecting Respondent's exhaustion argument. *See Mendez Chavez v. Noem*, Case No. 25cv2818 DMS (SBC), ECF No. 8 at 3; *Esquivel-Ipina v. LaRose*, No. 25-CV-2672 JLS (BLM), 2025 WL 2998361, at *3-4 (S.D. Cal. Oct. 24, 2025) (finding exhaustion would be futile in light of *Yajure Hurtado*); *Vasquez v. Feeley*, No. 2:25-cv-01542-RFB-EJY, 2025 WL 2676082, at *10 (D. Nev. Sept. 17, 2025) (same). Respondents offer no argument or authority warranting departure from this Court's previous orders, and thus the Court stands on its previous decisions rejecting these arguments.

On the merits, Respondents argue "Petitioner is mandatorily detained in [ICE] custody pursuant to 8 U.S.C. § 1225(b)(2)(A), and that no statutory and constitutional violations exist." (Return to Pet. at 1.) The Court has addressed the 1225/1226 issue in several previous decisions, and found noncitizens like Petitioner here are appropriately detained under § 1226(a) as opposed to § 1225(b)(2)(A). *See, e.g.*, *Garcia v. Noem*, ___ F.Supp.3d ___, 2025 WL 2549431, at *5-7 (S.D. Cal. Sept. 3, 2025) (finding petitioners had shown a likelihood of success on claim they were detained under § 1226(a) as opposed to § 1225(b)(2)(A)). In a recent decision, the Seventh Circuit also came to the same conclusion. *Castañon-Nava v. U.S. Dep't of Homeland Security*, ___ F.4th ___, 2025 WL 3552514, at *8-10 (7th Cir. Dec. 11, 2025) (concluding on a preliminary record "that Defendants are not likely to succeed on the merits of their argument that those individuals, whom ICE arrested without a warrant, are subject to mandatory detention under § 1225(b)(2)(A).") Several district courts across the country have now followed the reasoning of *Castañon-Nava*, and also come to the same conclusion. *See, e.g.*, *Mejia Diaz v. Noem*, No. 3:25-CV-960-CCB-SJF, 2025 WL 3640419 (N.D. Ind. Dec. 16, 2025) (citing *Castañon-Nava* to support conclusion that § 1225(b)(2) does not apply to noncitizens who are apprehended in the interior of the United States years after their unlawful entry); *Diaz Colin v. Holt*, No. CIV-25-1189-D, 2025 WL 3645176 (W.D. Okla. Dec. 16, 2025 (same); *Goorakani v. Lyons*, Nos. 25 Civ. 9456 (DEH), 25 Civ. 9551 (DEH), 25 Civ. 9592 (DEH), 25 Civ. 9952 (DEH), 2025 WL 3632896, at *8-12 (S.D.N.Y. Dec. 15, 2025); (concluding,

1 | based in part on *Castañon-Nava*, that "[m]andatory detention under Section 1225(b)
2 | applies only to those applicants for admission who are seeking admission—i.e., 'arriving
3 | aliens,' or those who are entering (or attempting to enter) the country, and not to those who
4 | are already present or reside here."); *Simon v. Olson*, No. 25 C 14799, 2025 WL 3567469,
5 | at *4-5 (N.D. Ill. Dec. 13, 2025) (concluding § 1226(a) applied to noncitizen who (1) had
6 | been present in the United States for 23 years, (2) had five U.S. citizen children, (3) had no
7 | criminal record, and (4) was detained in the Midwest); *Acosta de Perez v. Frank*, No. H-
8 | 25-5357, 2025 WL 3626347, at *2-5 (S.D. Tex. Dec. 12, 2025) (citing *Castañon-Nava* in
9 | concluding petitioner's detention was governed by § 1226(a) rather than § 1225(b)).

Based on this Court's reasoning in *Vasquez Garcia*, and the reasoning of *Castañon-Nava*, the Court concludes Petitioner's detention in this case is likewise governed by § 1226(a) as opposed to § 1225(b)(2)(A).  Accordingly, the Petition is granted.  Respondents are directed to arrange an individualized bond hearing for Petitioner before the Immigration Court within **fourteen (14) days** of the entry of this Order.  Respondents shall not deny Petitioner bond on the basis that § 1225(b)(2) requires mandatory detention. Further, the parties are **ORDERED** to file a Joint Status Report within **twenty-one (21) days** of this Order's entry, confirming Petitioner received a new bond hearing.

**IT IS SO ORDERED.**

Dated:  December 17, 2025

Hon. Dana M. Sabraw
United States District Judge